JAMES K. CALCUTT AND JUNE B. CALCUTT, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

WILLIAM HERSHFELD AND PAMELA HERSHFELD, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 29849–83, 29850–83.    Filed April 15, 1985.

James K. Calcutt and William Hershfeld, pro se.
*John F. Dean*, for the respondent.

COHEN, *Judge*: In docket No. 29849–83, respondent determined deficiencies in Federal income taxes of petitioners Calcutt in the amounts of $1,846 for 1980 and $7,430 for 1981. Respondent also determined an addition to tax in the amount of $371.50 under section 6653(a)[1] and that the full amount of that additional tax was subject to an increment of 50 percent of the interest due on the underpayment of $7,430 for that year.

In docket No. 29850–83, respondent determined deficiencies in the Federal income taxes of petitioners Hershfeld in the amounts of $716 for 1979, $1,975 for 1980, and $2,159 for 1981.

After concessions by each party, the issues for decision are (1) whether the basis of the respective petitioners in a subchapter S corporation may be increased to reflect a bank loan made directly to the corporation, and (2) the correct amount of depreciation on certain corporate assets.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulations are incorporated herein by this reference.

All of the petitioners were residents of Maryland at the time their petitions herein were filed.

During the years in issue, petitioners were the shareholders of Uptown-Levy, Inc., a corporation that duly elected to be taxed under subchapter S of the Internal Revenue Code. Uptown-Levy, Inc., operated a delicatessen providing food service and liquor sales.

The delicatessen was operated on property located at 5402 and 5402½ Park Heights Avenue, Baltimore, Maryland. The property was acquired in December 1977, and the acquisition

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the years here in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.

was financed by a mortgage from Fairfax Savings & Loan Association, Inc. In relation to the financing and in addition to the mortgage on the corporate real estate, Fairfax Savings & Loan Association, Inc., demanded a lien on the personal residences of petitioners.

In the statutory notices of deficiency, among other adjustments no longer in issue, respondent disallowed losses of Uptown-Levy, Inc., as deductions to petitioners to the extent that petitioners had not substantiated that they had a basis in their respective shares of the corporation. Respondent also adjusted the amount of depreciation claimed by the corporation by reallocating among corporate assets the total cost of those assets and thereby reducing the cost basis of depreciable assets. Respondent's determination was based, in part, on an appraisal report dated October 25, 1977, that had been delivered to respondent's agents by petitioners' counsel during the course of the audit of petitioners' tax returns for the years in issue. The appraisal had been prepared in connection with the financing of the real estate acquisition by the corporation. The dispute as to the amount allocated to depreciable assets was narrowed, at the time of trial, to a dispute over the value of the corporation's liquor license.

The petitions herein were filed on behalf of petitioners by an attorney duly admitted to practice before the Tax Court. By notice setting case for trial served July 13, 1984, these cases were set for trial in Baltimore, Maryland, on October 1, 1984. On September 4, 1984, counsel for petitioners filed motions to withdraw appearance, citing ethical reasons why he was required to withdraw from these cases. The motions were granted. On the day of trial, Edward S. Margolis was present on behalf of petitioner William Hershfeld. At that time, however, Mr. Margolis was authorized to practice law but not admitted to practice before the U.S. Tax Court. He was therefore recognized specially on his representation that he would proceed to secure admission to the Tax Court, which he did. He did not, however, ever file a written entry of appearance in accordance with Rule 24(a)(3).

At the conclusion of trial, the Court ordered seriatim briefs, with petitioners' opening brief due December 3, 1984. No brief was ever received from petitioners. After a series of inquiries from the Court, Mr. Margolis advised the Court by letter that

petitioners did not intend to file a brief. Because Mr. Margolis had not entered his appearance on behalf of all of petitioners, the Court ordered petitioners to show cause on March 27, 1985, why these cases should not be dismissed under Rule 123(b) for failure of petitioners properly to prosecute or to comply with the Rules of the Court. Petitioners did not appear at the said hearing and did not file any written response to the Court's order.

## OPINION

In this proceeding, petitioners have the burden of proving that respondent's determinations are incorrect and that petitioners are entitled to the deductions that they claim. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a).

During trial, petitioners presented evidence that they had given their personal residences as collateral for the loan to the corporation in order to enable the corporation to acquire the property from which it operated the delicatessen business. Petitioner James K. Calcutt also testified that, in his opinion, the liquor license had a value of $7,000 and that the value of $30,000, used in the appraisal done on behalf of the lender at the time of the loan and subsequently used in respondent's determination, was grossly overstated.

Respondent presented the testimony of the agent whose calculations formed the basis of the notice of deficiency. That agent testified that he received the appraisal report from petitioners' prior counsel during the course of his examination.

The respective parties each presented schedules during trial that showed how depreciation would be calculated in accordance with his contention or assumption as to the value of the liquor license. Neither party, however, presented independent evidence of the value of the license.

Petitioners did not file a trial memorandum, but, during trial, petitioner James K. Calcutt explained his contention that petitioners were entitled to include in the basis of their stock in the subchapter S corporation their proportionate shares of the loan made to the corporation. This contention was predicated solely on the argument that section 465, which is applicable to subchapter S corporations, includes in amounts considered "at risk" amounts borrowed for which the

taxpayer has pledged his interest in property unrelated to the activity to which the "at risk" rules are being applied. See section 465(b)(2)(B). The Court advised petitioners, however, that the at risk rules of section 465 deal only with certain at risk activities and have no bearing on this case, which deals with their basis in their corporate stock under subchapter S, i.e., sections 1371 et seq. Petitioners somehow believed, apparently, that section 465 engrafted additional meaning to the provisions of subchapter S, but it was by no means clear to the Court how they proposed to overcome the express language of those provisions and the case law contrary to their position.

During the years in issue, the pertinent provisions of subchapter S were set forth in section 1374(c)(2) as follows:

> (2) LIMITATION.—A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—
>
> (A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation (or, in respect of stock sold or otherwise disposed of during such taxable year, as of the day before the day of such sale or other disposition), and
>
> (B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder, determined as of the close of the taxable year of the corporation (or, if the shareholder is not a shareholder as of the close of such taxable year, as of the close of the last day in such taxable year on which the shareholder was a shareholder in the corporation).

Under these sections, corporate debts to third parties guaranteed by the shareholder, whether collateralized or not, do not lead to an increase in the shareholder's basis in his subchapter S corporation stock. See, e.g., *Blum v. Commissioner*, 59 T.C. 436 (1972).

On the depreciation issue, the uncorroborated opinion of petitioner Calcutt is insufficient to carry petitioners' burden of proof as to the value of the liquor license. He claimed that his opinion was based in part on a letter dated May 24, 1983, from a representative of the Board of Liquor License Commissioners for Baltimore City. That letter was not received in evidence because it was hearsay, and the author was not available for cross-examination. In any event, although it set forth a range of values for liquor licenses, it did not express any opinion as to

the specific license in issue in this case, which obviously would depend on factors such as the location of the facility, the volume of sales, and other facts not in evidence in this case. The unsupported opinion of petitioner Calcutt, therefore, need not be accepted. See *South Texas Rice Warehouse Co. v. Commissioner*, 366 F.2d 890, 897–898 (5th Cir. 1966), affg. 43 T.C. 540 (1965).

As of the end of the trial, therefore, petitioners had presented neither persuasive evidence nor legal ground for rejecting respondent's determination. They were, however, given an opportunity and a direction to file a brief under Rule 151. The purpose of the order to show cause hearing was to give petitioners a final opportunity to state their position based on review of the evidence produced at trial and the Court's comments during trial. This procedure further warned them of the possible consequences of their failure to file a brief.

This case is not, however, to be treated the same as *Stringer v. Commissioner*, 84 T.C. 693 (1985). That case involved a long and arduous history of noncompliance with our Rules by the taxpayers and their counsel. The record was eminently more complex, and the Court's job was made far too difficult by the taxpayer's failure to comply with the Rules and with the Court's direction to file a brief and specific instructions as to the contents of their brief.

We will give petitioners the benefit of the doubt in this case and assume that they merely abandoned their claims after they were advised by the Court at the end of trial that the positions that they had advanced up to that time lacked merit. Compare section 6673, which might be invoked if we were to conclude that the failure to file a brief was due to an intent to delay final resolution of the case.[2] As a courtesy to the Court and to respondent, they should have expressly conceded these

---

[2]For cases commenced after Dec. 31, 1982, or if commenced prior thereto, pending as of Nov. 15, 1984, sec. 6673 provides:

SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC.

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

issues if that was their intention. In any event, under these circumstances we do not dismiss the case merely by reason of petitioners' failure to comply with the Rules and the order for briefs.

We do, however, decide the disputed issues against petitioners by reason of their failure to satisfy their burden of proof. Because of concessions,

*Decisions will be entered under Rule 155.*