GUIDO JOHN PALLOTTINI AND JOAN M. PALLOTTINI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pallottini v. Commissioner
Docket Nos. 13435-82, 23305-84.
United States Tax Court
T.C. Memo 1986-530; 1986 Tax Ct. Memo LEXIS 75; 52 T.C.M. (CCH) 955; T.C.M. (RIA) 86530; October 29, 1986. Peter R. Stromer, for the petitioners. Warren P. Simonsen, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: In these consolidated cases, respondent determined deficiencies in Federal income tax and additions to tax against petitioners as follows: Taxable Year
Additions to Tax
Ending 12/31
Deficiency
Sec. 6653(a) [1]
Sec. 6653(b)
1978
$24,814.63
$1,240.73
1979
44,120.61
$22,060.31
1980
31,323.07 15,661.53
*76 After concessions by the parties, the issues for decision are whether petitioners: (1) are entitled to charitable deductions allegedly made to the Universal Life Church during 1978, 1979, and 1980 in the amounts of $28,450.22, $27,794.00, and $19,925.76, respectively; (2) are entitled to deductions for 1978 in respect of taxes, interest expense, miscellaneous items, a Schedule C loss and a capital loss; (3) are entitled to deductions for 1979 and 1980 for Schedule C expenses and medical expenses, an interest expense in 1979, and a Subchapter S loss for 1980; (4) had unreported income (based on unidentified bank deposits and cash payments) and interest income for 1979 and 1980, and capital gain for 1979; (5) are liable for an addition to tax for 1978 under section 6653(a); and (6) are liable for additions to tax for 1979 and 1980 under section 6653(b). As a matter of convenience, we have combined our findings of fact and opinion. We have struggled with an incomplete, frequently unreadable (because of poor reproduction) and largely inadequate record. Neither of the parties at trial or on brief endeavored to enlighten the Court on the relevancy of some of the stipulated documents *77 which, on their face, appear irrelevant to the issues of the case, to correlate figures set forth in the documents with the amounts of allegedly omitted income or disallowed deductions, or otherwise to minimize the amount of time required of the Court to absorb the underlying details of the issues involved herein. See Stringer v. Commissioner,84 T.C. 693, 703-704 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986). This time which the Court necessarily spent in coping with these defects was time which could have been devoted to deciding other pending cases. The net result of the foregoing is that we have been unable to make a number of specific findings of fact which might have affected our conclusions. Each of the parties must, of necessity, bear the consequences in accordance with their respective burdens of proof, i.e., petitioners with respect to the underlying deficiencies for each of the three years and the addition to tax for 1978 under section 6653(a) (Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933)), and respondent in respect of the additions to tax for 1979 and 1980 under section 6653(b) (Rule 142(b)). *78 Cf. Pommier v. Commissioner,T.C. Memo. 1986-506. Petitioners resided in Manassas, Virginia at the time they filed their petitions herein. [2] They filed joint Federal income tax returns for each of the years at issue with the Memphis Service Center. Each of the petitioners was employed during each of the years at issue. Each had graduated from high school. At least Mr. Pallottini was familiar with the filing requirements of the Internal Revenue Code. The main issue in respect of the underlying deficiencies involves the alleged contributions to the Universal Life Church. Such contributions consisted of sums which petitioners claim to have deposited in accounts in the name of the Universal Life Church. Some, and perhaps all, of such accounts bore the employment identification number of the Universal Life Church, Modesto, California. At all times, however, one or both of petitioners had sole signatory control over each of these accounts. Petitioners claim that *79 this control was retained by them in a fiduciary capacity, but there is no written indication in the record that this is the case other than that Mr. Pallottini's signature sometimes was followed by "Pastor" or "D.D" and Mrs. Pallottini's signature was sometimes followed by "Treasurer." Although we are satisfied (and respondent does not contend otherwise), that none of the funds in these accounts were used for any living or other expenses of petitioners [3] (a pattern that is usually found in Universal Life Church cases, see Davis v. Commissioner,81 T.C. 806-807, 810 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985); Sigelbaum v. Commissioner,T.C. Memo. 1986-472), we nevertheless conclude that the charitable deductions should not be allowed. If we assume that the amounts in question were intended as contributions to the Universal Life Church, Modesto, which was an exempt organization during the years at issue, [4] petitioners retained such control over the funds as to preclude the existence of completed contributions; the bare testimony of Mr. Pallottini is simply insufficient to require a different conclusion. Davis v. Commissioner,supra at 816. *80 The same result obtains if the contributions are viewed as having been made to a local Universal Life Church congregation organized by petitioners (a contention which petitioners do not appear to make). Davis v. Commissioner,supra at 816-817. [5]
As to the balance of petitioners' claimed deductions, the documentary material attached *81 to the petition and the tax returns are not evidence. Greengard v. Commissioner,29 F.2d 502 (7th Cir. 1928), affg. 8 B.T.A. 734 (1927) (petition); Lamphere v. Commissioner,70 T.C. 391, 394 n. 3 (1978) (returns). While some of the stipulated documents may contain evidence to substantiate some of the claimed deductions, petitioners made no effort, either at trial or on brief, to correlate the information so that we would be in a position to have the necessary underpinnings for making findings as to substantiation. Petitioners had an obligation to provide such correlation. Stringer v. Commissioner,supra at 705, 708; Greene v. Commissioner,T.C. Memo. 1986-500. We hold that petitioners have failed to carry their burden of proof as to their claimed deductions for 1978, 1979, and 1980. Calcutt v. Commissioner,84 T.C. 716, 722 (1985). [6] For the same reason, we hold that petitioners have failed to meet their burden of proof in respect of respondent's determination of omitted income for 1979 and 1980.
*82 We now turn to the issue of additions to tax for fraud under section 6653(b). The burden is on respondent to show, by clear and convincing evidence, that some part of an underpayment is due to fraud and that petitioners had a specific purpose to evade a tax believed to be due and owing; respondent may carry that burden on the basis of reasonable inferences to be drawn from the record, but he may not rely on petitioners' failure to carry their burden of proof as to the underlying deficiencies. Section 7454(a); Rule 142(b); Habersham-Bey v. Commissioner,78 T.C. 304, 311-312 (1982). Respondent claims that the stipulated documents show large amounts of unreported income and deductions, but he has made no effort to correlate those claimed amounts with the various elements of the deficiency notice. [7] In our opinion, he was required to do so in order to carry his burden of proof in the same manner as we have held that petitioners were required to do in order to carry their burden of proof. [8]Reis v. Commissioner,1 T.C. 9, 13 (1942), affd. 142 F.2d 900 (6th Cir. 1944). See pp. 5-6, supra.One item of omitted income for 1979 consisted *83 of a $20,000 understatement of capital gain, which petitioners conceded at trial. Mr. Pallottini testified that this was an inadvertent error by petitioners' accountant, and we have no reason to disbelieve that testimony with the result that a finding of fraud cannot be based on this item. *84 Respondent also claims that petitioners gave false statements to respondent's agents during the course of the audit, but we can find no evidence of record as to what those allegedly false statements were. With respect to respondent's claim that petitioners failed to cooperate with respondent's agents by producing requested books and records -- there appears to be only one instance, at the end of the audit after several meetings with petitioners' representative, where this apparently occurred. We are not convinced, under the circumstances revealed by the record herein, that this one occasion provides a sufficient basis for upholding respondent's determination of fraud. [9]
*85 The main thrust of respondent's assertion of the addition to tax for fraud relates to petitioners' claimed deductions for alleged contributions to the Universal Life Church effectuated by deposits into accounts in its name over which petitioners continued to exercise total control, and the omission of income (ordinary and capital gain) produced by funds in those accounts. While we hold no brief for petitioners' attempts to avoid taxes by their actions, we are not convinced that such actions are sufficient to enable respondent to carry his burden of proof as to fraud. We reach this conclusion based upon our evaluation of the record as a whole (including the testimony of the witnesses whom we saw and heard), one element of which we find significant, although not determinative of the fraud issue, namely, that petitioners did not use any of the funds in the accounts in the Universal Life Church name for their living and other personal expenses. [10] Compare Harding v. Commissioner,T.C. Memo. 1986-299, where we rejected respondent's determination of fraud under section 6653(b) even though some of the funds were so used. *86 In the absence of fraud, the period of limitations under section 6501 ostensibly bars respondent because the deficiency notice was not mailed within three years from the due date of petitioners' return. Petitioners, however, raised this issue for the first time on brief and at no time have petitioners sought to amend their pleadings to put the period of limitations at issue. Under these circumstances, the Court will not consider petitioners' contention and they remain liable for the underlying deficiencies. Rule 39; Friedberg v. Commissioner,T.C. Memo. 1960-251. [11] See also Shopsin v. Commissioner,T.C. Memo. 1984-151, affd. without published opinion 751 F.2d 371 (2d Cir. 1984). For similar reasons, we reject respondent's attempt to raise the issue of the applicability of the six-year period of limitations on the ground that petitioners omitted in excess of 25 percent of gross income for 1979. See section 6501(e); cf. Serdar v. Commissioner,T.C. Memo. 1986-504 and cases cited therein. We would add that, in any event, we would hold that respondent had not met his burden of proof as to this issue. Stratton v. Commissioner,54 T.C. 255, 289 (1970). *87 The final issue is whether petitioners are liable for the addition to tax for negligence under section 6653(a) for the taxable year 1978. The burden of proof is on them to show that they are not so liable, and we hold that they have not sustained that burden. Billman v. Commissioner,83 T.C. 534, 541 (1984). To reflect the foregoing and the concessions of the parties, Decisions will be entered under Rule 155.
Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This was petitioners' address at the time they filed their amended petition in docket No. 13435-82. Their address, at the time they filed their original petition, was Alexandria, Virginia.↩
3. Respondent's agent testified that in making his computation of unexplained deposits, he could recall no transfers from the accounts in the name of the Universal Life Church to either of petitioners.↩
4. See Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974); see also Announcement 84-90, 1984-36 I.R.B. 32↩ (Sept. 4, 1984) in which the Internal Revenue Service announced that it will no longer recognize such exempt status.
5. There was some testimony from two witnesses that they had given small amounts to petitioners for the Universal Life Church but their testimony, unsupported by any other evidence, is insufficient to sustain petitioners' burden of proof even as to these amounts, particularly as there is some indication that these witnesses expected a quid pro quo.↩
6. We note that the fact that petitioners filed a brief herein technically distinguishes Calcutt v. Commissioner,84 T.C. 716 (1985) and Stringer v. Commissioner,84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917↩ (4th Cir. 1986). However, petitioners failed to deal with some of respondent's determinations in the briefs which they filed. Such failure is the equivalent of a failure to file as to those determinations.
7. Respondent may not rely on his notice of deficiency to carry his burden. As we stated in Reis v. Commissioner,1 T.C. 9, 13 (1942), affd. 142 F.2d 900 (6th Cir. 1944): To adapt a classic to the case, the deficiency notice is a shield, not a sword. It is a defense where the petitioner has the onus of proof, not a weapon where the respondent has the burden. * * * ↩
8. A careful examination of the record indicates that there were omitted amounts of interest income, but it appears that the bulk of those amounts were attributable to the accounts in the name of the Universal Life Church. As we subsequently conclude (see pp. 8-9, infra↩), the omissions of those items are not, in and of themselves, sufficient to satisfy respondent's burden of proof, particularly since we are not convinced that such omissions were coupled with a fraudulent purpose on the part of petitioners.
9. The Court issued a show cause order to petitioners to compel production of documents or impose sanctions and stated that the Court would not permit the introduction into evidence at trial any written material not produced or stipulated. Thereafter, the parties filed two stipulations for trial. Only one additional document was admitted at trial because of circumstances indicating that such admission should be permitted. We also note that respondent filed a request for admissions but that the record does not indicate whether petitioners served any response. See Rule 90. In reaching our conclusion, we have not deemed any of the requests admitted, nor has respondent asked us to do so.↩
10. There is some evidence that petitioners established a parsonage allowance for Mr. Pallottini, but the record indicates that no part of such allowance was paid to him (or for that matter to Mrs. Pallottini).↩
11. Petitioners' counsel had several months after he filed his notice of appearance and before trial to amend the petition.↩