ROBERT L. LEONE AND MARGARET C. LEONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leone v. Commissioner
Docket No. 3266-91
United States Tax Court
T.C. Memo 1993-51; 1993 Tax Ct. Memo LEXIS 54; 65 T.C.M. (CCH) 1888; February 16, 1993, Filed *54 Decision will be entered for respondent. For petitioners: Robert L. Leone. For respondent: Brian M. Harrington. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies of Federal income tax and additions to tax against petitioners for the years and in the amounts as follows: Additions to Tax [1]
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 8,842
$ 2,122
$ 429.40
50 percent of the
interest due on
$ 7,892
1987
6,799
--  339.95
50 percent of the
interest due on
$ 6,132
The petition, which was timely filed herein, appears to put all respondent's adjustments and additions to tax in issue. Respondent's brief treats all adjustments and additions to tax as being in issue. Although ordered to file *55 requested findings and brief simultaneously with respondent, petitioners failed to do so. Since petitioners had the burden of proof as to the correctness of all respondent's adjustments and additions to tax herein, Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933), we might be justified in treating all the issues herein as conceded by petitioners because of their failure to file a brief as instructed. See Calcutt v. Commissioner, 84 T.C. 716 (1985). Upon examination of the rather abbreviated record herein, however, we conclude that it is more correct in this case to treat as conceded those issues which, although pleaded, were neither tried nor briefed by petitioners. Rule 151; Stringer v. Commissioner, 84 T.C. 693, 706-707 n.8 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Money v. Commissioner, 89 T.C. 46, 48 (1987). Based upon the stipulation of the parties and the exhibits and testimony at trial, we therefore conclude that only the following issues in this case are presented for decision herein, the *56 others having been conceded by petitioners: (1) "Advertising expenses" for 1986 and 1987; (2) automobile expenses for 1986 and 1987; (3) travel expenses for 1986 and 1987; and (4) utilities expense for 1986. At the time of filing their petition herein, petitioners were residents of Fishers, Indiana. Petitioner Robert L. Leone during the taxable years 1986 and 1987 was a self-employed insurance salesman. Petitioner Margaret C. Leone was a housewife and was employed for wages by A. I. King Insurance Agency of Indianapolis, Indiana, during part of the 1987 taxable year. [2]
The due date for petitioners' joint income tax return for the year 1986 was April 15, 1987. Petitioners filed their return for 1986 with the Internal Revenue Center in Memphis, Tennessee, on April 18, 1988. Petitioners' return for the year 1987 was timely filed. 1. *57 "Advertising Expenses" -- 1986 and 1987
As part of the Schedule C attached to the income tax returns for the 2 years in issue, petitioner claimed deductions from gross income in the amounts of $ 16,250 and $ 12,060 as advertising expenses. From petitioner's testimony, we learned that this alleged expense refers to certain "lead cards" which petitioner purchased from various parties. The testimony was that these lead cards supplied the names and addresses of potential customers for petitioner's insurance. Petitioner paid approximately $ 65 each for these "lead cards", and petitioner used the names thereon as sources for his solicitation activities. The name or names of the persons from whom he purchased these cards were not disclosed, and aside from petitioner's brief testimony, there was no evidence as to the number of such cards or the amount which petitioner paid for them. Petitioner claimed that because of his high rate of success in selling insurance policies to persons on these lead cards, he was permitted to obtain additional lead cards with new and different names without cost, if his solicitation of the original lead card prospect proved unsuccessful. In this manner, *58 although petitioner offered into evidence a list showing the customers to whom he had sold insurance in the years 1986 and 1987, he conceded that he could not state that each one of these customers represented a lead card for which he had paid $ 65 because: (a) There was a possibility that the customer was generated without the use of a lead card; (b) the customer may have been derived from a lead card for which petitioner paid nothing; (c) the customer may have been one for which there was no lead card at all; and (d) two separate customers may have been the result of one lead card, as in the case of husband and wife buying insurance separately. Lacking any further verification of the amounts claimed, respondent disallowed these claimed deductions in their entirety. Petitioner did not utilize any regular advertising as such, and he testified that he did not buy any conventional "customer list". Paying the expenses of advertising reasonably incurred in the conduct of petitioner's business would certainly be allowable under section 162(a), if proved, and since petitioners were apparently using the cash basis of accounting, the year of payment, if proved, would be the proper year *59 to take the deduction under section 461. While we might have some question whether, even if the time and amount of such expenditures were proved, there would be a deductible advertising expense here, or rather whether the amounts should be considered as paid for the "lead cards" as a capital asset comparable to a customer list, cf. Sunset Fuel Co. v. United States, 519 F.2d 781 (9th Cir. 1975); Manhattan Co. of Virginia, Inc. v. Commissioner, 50 T.C. 78 (1968), it is not necessary for us to decide that question. In any event, petitioners must fail on this issue because there simply has been no satisfactory proof of the number of cards purchased or the total price which was paid for them, even assuming that such expense would be allowable as an advertising expense. Although petitioners' argument has some appeal, at least in theory, we sustain respondent on this issue because of petitioners' lack of proof. 2. Automobile Expenses and Depreciation -- 1986 and 1987
In the joint returns which were filed for 1986 and 1987, petitioners claimed $ 4,553 and $ 4,880, respectively, on account of automobile expenses incurred *60 in petitioner's insurance business. The amounts of $ 3,100 and $ 4,301, respectively, were also claimed on account of depreciation of the vehicles. Determining that petitioner had presented inadequate substantiation as to these expenses, respondent disallowed them, but having determined that petitioner would qualify for the standard mileage deduction provided by law, respondent allowed such standard mileage deduction to petitioners for 1986 and 1987 in the respective amounts of $ 4,096 and $ 4,321. At trial, petitioner produced no proof at all with respect to allowable depreciation. His only evidence with regard to automobile expenses was a series of small notations on a wall calendar which petitioner apparently maintained for 1986. No evidence at all was presented for 1987. We must uphold respondent on this item on account of petitioner's failure of proof. Petitioner really produced nothing to show that respondent's determination was wrong, and we note that where the standard mileage deduction provided by law is applied, as here, such allowance includes both expenses and a stated amount for depreciation. See Rev. Proc. 86-38, 1986-2 C.B. 701; *61 Rev. Proc. 87-49, 1987-2 C.B. 646. 3. Travel and Entertainment Expenses -- 1986 and 1987
Petitioner claimed traveling and entertainment expenses in connection with the conduct of his insurance business for 1986 and 1987 in the respective amounts of $ 11,120 and $ 9,606. Finding petitioner's substantiation of these expenses inadequate, respondent disallowed the amounts claimed, allowing petitioner a deduction of $ 2,084 for this type of item in 1986 but nothing for 1987. At trial, petitioner presented no evidence at all with respect to allowable travel and entertainment expenses for 1987. For 1986, all that was offered was the above-mentioned calendar for the year, in which petitioner had apparently jotted brief notes with respect to travel, lodging, food, and entertainment expenses. No detail was given, such as the purpose of the travel and entertainment, and no proof of the expenditures such as receipted bills, canceled checks, or the like was provided. In the absence of any proof at all for 1987, respondent's determination must be approved; and with respect to 1986, we must hold that the fragmentary calendar kept by petitioner *62 does not satisfy the requirements of recordkeeping for this type of item which is provided by section 274(d). See sec. 1.274-5(c), Income Tax Regs.
4. Utilities expense -- 1986
For the year 1986, petitioner claimed utilities expense in connection with the operation of his insurance business in the amount of $ 2,018. Upon audit, respondent allowed $ 1,723 of this claimed amount and disallowed the rest. The only evidence presented on this subject at trial was petitioner's oral testimony, without any further substantiation. This is inadequate to meet petitioners' required burden of proof, and we must uphold respondent's determination. See Anderson v. Commissioner, T.C. Memo. 1988-434. In view of the fact, as we have mentioned above, that petitioners are deemed to have conceded the other issues which were presented in this case, Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Since all the remaining issues in this case involve the activities of petitioner Robert L. Leone, all future references to "petitioner" in this opinion shall refer to him.↩