T.C. Memo. 1998-382

UNITED STATES TAX COURT

BENIGNO ANTONIO GASPARUTTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7496-97.                    Filed October 23, 1998.

Benigno Antonio Gasparutti, pro se.

<u>Sandy Hwang</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]  Respondent determined a deficiency in petitioner's 1994
Federal income tax in the amount of $5,037, plus an addition to

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

tax under section 6651(a)(1) in the amount of $228, and an accuracy-related penalty under section 6662(a) in the amount of $1,007.

The issues for decision are: (1) Whether petitioner is entitled to claim $21,130 in itemized deductions on Schedule A; (2) whether petitioner is entitled to claim a dependency exemption deduction for his son; (3) whether petitioner is entitled to claim head-of-household filing status; (4) whether petitioner is liable for the addition to tax under section 6651(a)(1); and (5) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

No stipulation of facts has been filed in this case.[2] At the time he filed his petition, petitioner resided in Aliso Viejo, California.

Schedule A

During 1994, petitioner was employed as a general machinist at Mag Instruments, Inc. (Mag) in Ontario, California. Petitioner worked for Mag from September 1992 until September 1995 when he was terminated. Before working for Mag, petitioner lived in Aliso Viejo, California. Petitioner took the job with

---

[2] At the conclusion of trial, the Court set a schedule for the parties to file seriatim briefs. Petitioner did not file a brief. We could declare petitioner in default and dismiss his case. Rule 123; Stringer v. Commissioner, 84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986). However, we decline to do so, and we shall decide the case on the merits. See Calcutt v. Commissioner, 84 T.C. 716 (1985).

Mag because it was the only employment he could find. Due to the distance between Aliso Viejo and Ontario (58 miles), petitioner moved to Ontario where he rented an apartment for $750 per month.

Before September 1992, petitioner resided in Aliso Viejo with his ex-wife and their two children, who were attending Saddleback College. According to petitioner, they lived together for economical reasons. Petitioner and his ex-wife had been divorced in 1990, and his ex-wife was granted sole physical and legal custody of their two minor children, one of whom was Douglas Gasparutti. Petitioner was ordered to pay child support of $168 per child per month. Petitioner considered the residence in Aliso Viejo his permanent residence; after moving to Ontario, he drove back to Aliso Viejo on weekends. Petitioner's ex-wife was the tenant and paid the rent at the Aliso Viejo residence.

At some point in 1995, petitioner was evicted from his apartment in Ontario. Petitioner testified that his landlord took all of his belongings and paperwork and that he never recovered them.

On his Schedule A for 1994, petitioner claimed the following expenses: $5,076.40 for medical expenses,[3] $2,515.42 for State and local income taxes,[4] $3,935.71 for other taxes,[5] and

---

[3] This is the amount that exceeds 7.5 percent of adjusted gross income.

[4] This amount includes California State income tax withheld

(continued...)

$9,602.58 in unreimbursed employee expenses.[6] At trial, petitioner explained that the unreimbursed employee expenses consisted of his rental payments at the Ontario apartment and the traveling expenses he incurred going back to Aliso Viejo on weekends. Petitioner also contended that he should not have to pay tax on Social Security and Medicare withholdings since they are not considered income.

Respondent disallowed the expenses claimed on Schedule A and, instead, allowed the standard deduction.

### a. Medical Expenses

Section 213(a) provides that "There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income." The taxpayer must substantiate any deductions claimed under section 213 by furnishing the name and address of each person to whom

---

[4](...continued)
of $1,352.45, California State disability insurance withheld of $412.97, and "buyer's taxes", which petitioner estimated at $750. Petitioner agrees that "buyer's taxes" are the equivalent of a sales tax.

[5] This amount includes Social Security tax withheld of $2,456.26, Medicare tax withheld of $574.45, and Social Security benefits allegedly repaid by petitioner of $905.

[6] This is after the 2 percent of adjusted gross income limitation. Petitioner did not state on his return what these expenses encompassed.

payment for medical expenses was made and the amount and date for each such payment. Moreover, the taxpayer must be prepared to substantiate any claimed deductions by furnishing statements or itemized invoices from the individual or entity to which payment for medical expenses was made. These statements or invoices should indicate the nature of the service rendered and to or for whom rendered. <u>Blackburn v. Commissioner</u>, T.C. Memo. 1982-529; sec. 1.213-1(h), Income Tax Regs.

Petitioner testified that some of his medical documents were taken by the landlord when he was evicted. Although the Court informed petitioner that evidence was needed to prove the amounts claimed, petitioner also stated that he did not wish to provide any documents regarding his medical condition because it is an invasion of his privacy. Petitioner has failed to meet the substantiation requirements provided by section 1.213-1(h), Income Tax Regs. Without any evidence of medical expenditures, respondent is sustained on this issue.

b. <u>Taxes</u>

Section 275(a)(1)(A) expressly provides that no deduction shall be allowed for Federal Social Security taxes levied on employees.[7] Section 164(a) provides for the deduction of (1)

---

[7] SEC. 275. CERTAIN TAXES.

(a) General Rule.--No deduction shall be allowed for the following taxes:

(continued...)

State and local, and foreign, real property taxes; (2) State and local personal property taxes; (3) State and local, and foreign, income, war profits, and excess profits taxes; (4) generation skipping transfer tax imposed on income distributions; and (5) environmental tax. Prior to 1986, section 164(a)(4) allowed a deduction for State and local sales taxes paid during the taxable year. Section 164(a)(4) was repealed by section 134(a)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2116.

Section 164(a) is clear as to what types of taxes are deductible by the taxpayer. We hold that petitioner is not entitled to deduct Social Security, Medicare, or sales taxes under section 164(a). The only taxes that are deductible under section 164 are the State and local taxes withheld from petitioner's wages. The total amount of these taxes is less than the standard deduction that respondent allowed ($3,800). Therefore, the standard deduction will be applied.

Moreover, it is unclear whether and to what extent any Social Security benefits were repaid by petitioner in 1994. Nevertheless, even if he did repay $905 in 1994, he is not entitled to the deduction under section 1341. Section 1341 provides relief to a taxpayer who received income in 1 year under

---

[7](...continued)
    (1) Federal income taxes, including--

        (A) the tax imposed by section 3101 (relating to the tax on employees under the Federal Insurance Contributions Act);

the claim of right rule and was required to make refunds in another year. However, section 1341 applies only if the amount of repayment exceeds $3,000 in the taxable year. Sec. 1341(a)(3). Moreover, we note that only a percentage of Social Security benefits is taxable under section 83, and petitioner has not demonstrated what percent, if any, of 1993 Social Security benefits was included or taxable on his prior year's return. Therefore, petitioner is not entitled to a deduction for repayment of Social Security benefits.

### c. Employee Business Expenses

Section 262(a) provides that no deduction shall be allowed for personal, living, or family expenses. Section 162(a)(2), however, permits a deduction for ordinary and necessary traveling expenses incurred while away from home in pursuit of a trade or business. To qualify for this deduction, the taxpayer must demonstrate that the expenses are (1) reasonable and necessary traveling expenses, (2) incurred while away from home, and (3) in the pursuit of business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The purpose of the "away from home" provision is to mitigate the burden on the taxpayer, who, because of the exigencies of his trade or business must maintain two places of abode and thereby incur additional and duplicate living expenses. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968).

Generally, "home", as used in section 162(a)(2), is the vicinity of the taxpayer's principal place of employment and not where his personal residence is located if the latter is located at a distance from his employment. Coombs v. Commissioner, 608 F.2d 1269, 1274 (9th Cir. 1979), affg. in part and revg. in part 67 T.C. 426 (1976); Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, supra at 561-562. An exception to the general rule permits a taxpayer to deduct the costs of meals and lodging incurred at a job site distant from his personal residence if the job is temporary, rather than indefinite. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).

When a taxpayer accepts temporary work in a place away from his residence, he may deduct the living expenses incurred at the temporary post of duty, because it would not be reasonable to expect him to move his residence under such circumstances. See Tucker v. Commissioner, supra at 786. Employment is considered to be temporary if termination within a short period could be expected. Mitchell v. Commissioner, supra at 581. In contrast, employment is considered indefinite if termination could not be expected or foreseen within a fixed or reasonably short period of time. Id. The duration of employment is a factual issue, and no single element is determinative. Norwood v. Commissioner, 66 T.C. 467, 470 (1976).

Petitioner was employed at Mag for more than 2 years as of the end of 1994. Petitioner never established that this employment initially was temporary or for a reasonably short period. Therefore, when petitioner moved to Ontario for employment with Mag, his "home" shifted to Ontario. Consequently, while in Ontario, he was not "away from home". Moreover, petitioner was not maintaining two households since his ex-wife was the tenant paying the rent at the Aliso Viejo residence. Accordingly, petitioner's living expenses in Ontario are not deductible under section 162(a)(2).

Petitioner's transportation expenses between Ontario and Aliso Viejo are not deductible business expenses. Petitioner's trips to Aliso Viejo were for the personal purpose of visiting his children. Accordingly, petitioner is not entitled to deduct the claimed employee business expenses.

Dependency Exemption

On his 1994 return, petitioner claimed his son Douglas as a dependent. He indicated on his return that Douglas did not live with him due to separation or divorce. At trial, petitioner testified that he supported Douglas by paying child support and by purchasing a car for him. Petitioner did not state the age of Douglas in 1994, but he did mention that Douglas was attending college.

According to petitioner, his ex-wife also contributed to Douglas' support during this year. Petitioner offered no evidence of amounts that were contributed to Douglas' support by him, his ex-wife, or other sources. Petitioner did not testify whether Douglas was employed.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a) the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a son of the taxpayer. Sec. 152(a)(1).

If a child receives over half of his support for the calendar year from his parents who are divorced, separated, or live apart for the last 6 months of the year, and further, if the child is in the custody of one or both parents for more than half of the calendar year, then section 152(e)(1) provides that, as a general rule, such child is treated as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the calendar year (custodial parent).

Petitioner's ex-wife was granted sole legal and physical custody of the children pursuant to the divorce. In any event, petitioner has not established that he provided more than one-

half of Douglas' support, and petitioner is not entitled to an exemption deduction for him. Respondent is sustained on this issue.

Head-of-Household Filing Status

In 1994, petitioner claimed head-of-household filing status on his return. Petitioner testified that he should not be discriminated against because of his filing status and should not be taxed differently from any other individual. Petitioner also stated that since he was paying child support, he should be entitled to head-of-household filing status. Douglas lived in Aliso Viejo with his mother while he attended college nearby. In the notice of deficiency, respondent changed petitioner's filing status to single.

In order to qualify for head-of-household filing status, petitioner must satisfy the requirements of section 2(b). As relevant here, to qualify as a head of a household, a taxpayer must be unmarried at the close of the taxable year and maintain as a home a household that constitutes for more than one-half of the taxable year, the principal place of abode of the taxpayer's child or other qualifying individual. Sec. 2(b)(1)(A) and (B). A taxpayer is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b)(1).

Petitioner, although unmarried in 1994, has not met the requirements to file as head-of-household. Petitioner did not maintain the requisite household for Douglas; petitioner's ex-wife maintained the Aliso Viejo residence.

To address petitioner's argument that it is discriminatory to tax individuals differently, we observe that the constitutionality of different tax rates for differently situated taxpayers has been consistently upheld. Jansen v. United States, 567 F.2d 828 (8th Cir. 1977); Barter v. United States, 550 F.2d 1239 (7th Cir. 1977); Shinder v. Commissioner, 395 F.2d 222 (9th Cir. 1968), affg. per curiam T.C. Memo. 1967-73.

Accordingly, we sustain respondent on this issue.

Addition to Tax Under Section 6651(a)

Respondent received petitioner's 1994 tax return on August 18, 1995. The tax return was due April 15, 1995. Sec. 6072(a). Petitioner contends that he timely filed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, requesting a 4-month extension for filing his 1994 tax return. Petitioner provided a copy of this form, dated April 15, 1995, to the Court. Petitioner did not provide any proof of mailing this request. Respondent contends that the Internal

Revenue Service never received the request and that petitioner's tax return was not timely filed.

Section 6651(a)(1) provides that if a taxpayer fails to file a return by its due date, including extensions of time for filing, there shall be an addition to tax equal to 5 percent of the tax required to be shown on the return for each month the failure to file continues, not to exceed 25 percent. The addition to tax under section 6651(a) shall not apply, however, if the taxpayer can show that the failure to timely file the return was due to reasonable cause and not willful neglect. Sec. 6651(a)(1).

Section 7502(a) provides that a return or other document is deemed timely filed on the date of the postmark on the envelope or the date of a receipt is issued by the United States Post Office for either certified or registered mail. Sec. 7502(a), (c). The Court of Appeals for the Ninth Circuit, however, to which this case is appealable, concluded that extrinsic evidence other than a postmark or postal receipt is admissible to prove timely mailing. See Anderson v. United States, 966 F.2d 487 (9th Cir. 1992) (evidence that taxpayer saw the postal clerk stamp the envelope with a postmark and place it in a mailing pouch admitted). Petitioner did not testify nor produce any evidence with regards to the steps he took to mail his extension request. Therefore, on this record we must conclude that petitioner did

not timely file Form 4868.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).

Accuracy-Related Penalty

Respondent determined an accuracy-related penalty under section 6662(a).  Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  A position with respect to an item is attributable to negligence if it lacks a reasonable basis.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion.  Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner has not presented evidence to show that he had reasonable cause to claim the expenses on Schedule A, the dependency exemption deduction for his son, or head-of-household filing status.  Therefore, we find that petitioner is liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.