T.C. Memo. 2001-137

UNITED STATES TAX COURT


DAVID FURNISS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13860-99.                    Filed June 11, 2001.


David Furniss, pro se.

<u>William F. Castor</u>, for respondent.



MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  In separate notices of deficiency,
respondent determined the following income tax deficiencies and
penalties with respect to petitioner's Federal income taxes:[1]

---

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  Monetary amounts are
rounded to the nearest dollar.

| Taxable Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Addition to tax Sec. 6654 |
|---|---|---|---|
| 1990 | $5,917 | $1,479 | $387 |
| 1994 | 4,425 | 939 | 191 |
| 1996 | 4,093 | 1,023 | 218 |

After concessions,[2] the only remaining issues for decision are:[3] (1) Whether petitioner received unreported income during 1990, 1994, and 1996 of $25,838, $30,243, and $29,812, respectively; (2) whether petitioner is liable for additions to tax for failure to file Federal income tax returns for 1990, 1994, and 1996; and (3) whether petitioner is liable for additions to tax for failure to make sufficient estimated tax payments in 1990, 1994, and 1996.

Some of the facts have been stipulated, and the stipulations are incorporated herein by this reference. Petitioner resided in Lawton, Oklahoma, at the time the petition was filed.

During 1990, petitioner received commissions of $17,516, a pension of $3,433, unemployment compensation of $4,065, dividends of $20, and wages of $804. During 1994, petitioner received unemployment compensation of $2,450, dividends of $46, and wages of $27,747. During 1996, petitioner received a pension of

---

[2]Petitioner did not dispute, nor did he present evidence regarding, respondent's determination that petitioner had self-employment income in 1990 of $17,516 and was liable for self-employment tax on that income. This adjustment is deemed conceded in accordance with Rule 34(b)(4).

[3]The only other issues raised in the notices of deficiency are computational.

$5,920, unemployment compensation of $3,705, interest of $20, dividends of $36, and wages of $20,131.  Petitioner did not file income tax returns for 1990, 1994, or 1996.

I.  Unreported Income

Respondent determined that all of petitioner's receipts during the years in issue were income to petitioner.  Petitioner does not dispute that he received the income; rather, he contends there is insufficient authority to hold him liable for an income tax.

The crux of petitioner's argument is found in his trial memorandum and supplement to trial memorandum.[4]  These trial memoranda are merely lists of disjointed brief quotations and erroneous statements of law.  Giving petitioner the benefit of the doubt, we construe petitioner's argument to be that the income tax is unconstitutional and, alternatively, that the definition of income excludes his receipts.  We reject

---

[4]The Court directed the parties to file simultaneous briefs, together with simultaneous reply briefs.  Petitioner did not file a brief.  We could declare petitioner in default and dismiss his case.  See Rule 123; Stringer v. Commissioner, 84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Pace v. Commissioner, T.C. Memo. 2000-300.  We also could conclude that petitioner abandoned his claims after trial and decide this case against petitioner because he failed to meet his burden of proof.  See Calcutt v. Commissioner, 84 T.C. 716, 721-722 (1985); Hartman v. Commissioner, T.C. Memo. 1999-176.  We choose, instead, to decide the case on the merits in the hope that this opinion will guide petitioner's future decisions regarding his tax obligations.  See Calcutt v. Commissioner, supra at 721-722; Pace v. Commissioner, supra; Bissell v. Commissioner, T.C. Memo. 1991-163.

petitioner's argument for well-established reasons.  First, the income tax repeatedly has been held constitutional.  See <u>Charczuk v. Commissioner</u>, 771 F.2d 471, 472-473 (10th Cir. 1985), affg. T.C. Memo. 1983-433; <u>Abrams v. Commissioner</u>, 82 T.C. 403, 406-407 (1984); <u>Bivolcic v. Commissioner</u>, T.C. Memo. 2000-62; see also <u>Stelly v. Commissioner</u>, 761 F.2d 1113, 1115 (5th Cir. 1985) (listing cases in each circuit holding the income tax constitutional).  Second, section 61(a) defines gross income generally as "all income from whatever source derived," including, but not limited to, compensation for services, commissions, interest, dividends, and pensions.  See sec. 61(a)(1), (4), (7), (11).  Section 85(a) provides:  "In the case of an individual, gross income includes unemployment compensation."  Under section 61(a)(1), (4), (7), and (11), and section 85(a), petitioner clearly is required to include in gross income all his receipts in the years in issue.

Petitioner contends that income is defined only by section 911 and the regulations under section 861 and that his receipts are excluded from those definitions.  Neither section 911 nor section 861 operates to prevent section 61 from applying to petitioner's receipts.  See <u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

Petitioner's reliance on section 911 is misplaced. Section 911(a) allows an exclusion from gross income for foreign earned income at the election of a qualified individual, defined as an individual whose tax home is in a foreign country. See sec. 911(d)(1). Petitioner had no foreign earned income and is not a qualified individual for purposes of section 911(a). Section 911(a) has no bearing on the taxation of petitioner's receipts.

Petitioner's reliance on section 861 likewise is misplaced. Petitioner reads section 861 to provide that items not defined therein are not subject to tax. Section 861(a)(1) and (3) provides that interest from the United States and compensation for labor or personal services performed in the United States (with exceptions not applicable here) are items of gross income which shall be treated as income from sources within the United States. Nothing in section 861 operates to exclude from income any of petitioner's receipts.

We hold that petitioner received unreported income of $25,838, $30,243, and $29,812 during 1990, 1994, and 1996, respectively.

## II. Schedules A and C Deductions

Petitioner asserted that he was entitled to Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From

Business, deductions for the years in issue.[5]  Petitioner has the burden of proof on this issue.  See Rule 142(a).  We allowed petitioner ample time to present evidence establishing these deductions.  Petitioner failed to introduce any such evidence or even indicate the specific deductions to which he believed he was entitled.  We hold that petitioner failed to carry his burden of proof.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).  Petitioner is not entitled to any Schedules A or C deductions for the years in issue.

III.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994); Harris v. Commissioner, T.C. Memo. 1998-332.

---

[5]Petitioner also asserted he was entitled to Schedule B, Interest and Ordinary Dividends, deductions for the years at issue.  Schedule B is a form used to report the taxpayer's receipt of interest and ordinary dividends.  There are no Schedule B deductions; therefore, petitioner is not entitled to any such deduction.

Petitioner did not file Federal income tax returns or applications for extensions of time to file for 1990, 1994, or 1996. Petitioner stated in his petition that he was not liable for penalties as determined by respondent. The record is devoid of any evidence establishing a reasonable cause for his failure to file a return; thus, we hold petitioner is liable for the section 6651(a)(1) addition to tax.

IV.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax in the case of any underpayment of estimated tax by an individual. Unless a statutory exception applies, the addition to tax under section 6654(a) is mandatory. See sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960) ("This section has no provision relating to reasonable cause and lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant."). None of the statutory exceptions under section 6654(e) applies in this case. Petitioner stated in his petition that he was not liable for penalties as determined by respondent, but presented no further argument regarding payments of estimated tax. We thus hold petitioner liable for the section 6654(a) addition to tax.

V.    <u>Conclusion</u>

We have carefully considered all remaining arguments made by petitioner for contrary holdings and, to the extent not discussed, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.