T.C. Memo. 2009-302

UNITED STATES TAX COURT

GREGORY JAMES ROBERTSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15372-08.          Filed December 23, 2009.

Gregory James Robertson, pro se.

<u>Fred E. Green</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $12,701
and $23,306 in petitioner's Federal income taxes for 2005 and
2006, respectively.  Respondent also determined that petitioner
is liable for an accuracy-related penalty of $4,154.20 for 2006
under section 6662(a).  All section references are to the
Internal Revenue Code, and all Rule references are to the Tax

Court Rules of Practice and Procedure.  After concessions, the issues for decision are whether petitioner had unreported gross receipts, whether he is entitled to business deductions and capital losses not allowed by respondent, and whether he is liable for the section 6662(a) penalty.

FINDINGS OF FACT

Petitioner is a Canadian citizen who resided in Nevada at the time he filed his petition.  During 2005 and 2006, he was employed as an electrician for Wynn Resorts.

On his Federal income tax returns for 2005 and 2006, petitioner claimed on Schedules C, Profit or Loss From Business, losses from advertising businesses that offset his wages and other items of reported income.  The largest items of expense included in the claimed losses were "commissions and fees" of $64,111 for 2005 and $92,166 for 2006.  Petitioner also claimed a $25,000 capital loss in 2005, deducting $3,000 relating to that loss in 2005 and a carryover loss to 2006.

The business losses petitioner claimed related to three activities.  Two of the activities, Universal Advertising Network and Motor Zoo, Inc., were engaged in telemarketing.  The third, West Coast Motoring, was primarily engaged in the business of selling automobile rims.  Petitioner's involvement with the

businesses lasted for less than 2 months in 2005 with respect to Universal Advertising Network and West Coast Motoring and for approximately 5 months from November 2005 to April 2006 with respect to Motor Zoo, Inc.

The Internal Revenue Service conducted a bank deposits analysis of various bank accounts maintained by petitioner and determined that petitioner had unreported gross receipts from his business activities. Certain expenses substantiated by petitioner were allowed, but unsubstantiated expenses were disallowed. Although petitioner claimed to have documentary evidence substantiating the expenses and losses, he failed to produce any such evidence before or during trial.

OPINION

Petitioner testified at trial about his business activities during late 2005 and early 2006. He claims that he was forced to abandon them and that he lost his investments in them (allegedly $25,000 in West Coast Motoring and $10,000 in Motor Zoo, Inc.) because of various misrepresentations and misconduct by his associates in the businesses. He testified that most of the expenditures were in cash, but some were "probably" checks. He acknowledged that he had not shown the Internal Revenue Service any records related to the commissions claimed on his tax returns.

Petitioner's testimony was rambling and did not address specific bank deposits or explain the disallowed expenses. Although he called a witness with respect to the West Coast Motoring activity, that witness did not provide any evidence that would help determine petitioner's taxable income or deductible expenses.  The examining revenue agent testified that petitioner failed to produce any substantiation for the disallowed deductions.

At the conclusion of trial, the Court ordered seriatim briefs, with respondent filing the first brief, in the hope that petitioner would focus on the issues in this case.  Petitioner failed to file an answering brief or to respond to an order to show cause as to why the Court should not conclude that he has abandoned this case.  It appears that he may have returned to his native Canada, and he has not notified the Court of his current address.  See Rule 21(b)(4).

The principles applicable to this case are well established and are set out in respondent's brief.  They are:

1.  The bank deposits method is appropriate to reconstruct income when a taxpayer fails to maintain or produce adequate records, and the taxpayer has the burden of showing that the reconstruction of his income is incorrect.  DiLeo v. Commissioner, 96 T.C. 858, 881 (1991), affd. 959 F.2d 16 (2d Cir. 1992), and cases cited therein.

2.   The taxpayer has the burden of proving that he is entitled to deductions.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).

3.   Although respondent has the burden of production with respect to the penalty under section 6662(a), petitioner has the ultimate burden of proof that he is not liable for the penalty.  Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 449 (2001).  The evidence that petitioner claimed commissions and fees of $92,166 without any substantiation satisfies respondent's burden of production.

Petitioner's failure to file a brief and his apparent abandonment of his case may indicate that he recognizes that his failure to present reliable evidence is fatal and that respondent will prevail under the applicable law.  See <u>Calcutt v. Commissioner</u>, 84 T.C. 716, 721-722 (1985).  Under the circumstances, we do not believe that any further elaboration is necessary.

<u>Decision will be entered for respondent</u>.