T.C. Memo. 1999-176


UNITED STATES TAX COURT


VERNON W. HARTMAN, JR. AND
VIRGINIA M. HARTMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23228-95.                    Filed May 25, 1999.


Kenneth E. Ahl, for petitioners.

Keith L. Gorman and Michael D. Baker, for respondent.


MEMORANDUM OPINION

WHALEN, Judge:  Respondent determined the following deficiencies, additions, and penalty with respect to petitioners' Federal income tax:

| | | Penalty and Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6661(a) | Sec. 6662(a) |
| 1986 | $14,882 | $2,853 | $2,442 | -- |
| 1987 | 13,971 | 2,811 | 2,811 | -- |
| 1988 | 3,527 | 882 | -- | -- |
| 1989 | 3,825 | 956 | -- | -- |
| 1990 | 10,182 | 2,546 | -- | $2,036 |

Unless stated otherwise, all section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The parties have stipulated some of the facts. The stipulation of facts filed by the parties and the accompanying exhibits are incorporated herein by this reference. Petitioners resided in the Commonwealth of Pennsylvania at the time they filed the instant petition.

Petitioners did not file income tax returns for the years in issue, 1986 through 1990, until 1992. At the time of trial, petitioners had not filed returns for the years 1993 through and including 1996.

Respondent concedes that petitioners are not liable for a small portion of the above deficiencies determined in the notice of deficiency for 1989 and 1990. The issue for decision is whether petitioners are liable for the subject tax deficiencies, penalty, and additions to tax, other than the portion of the deficiencies for 1989 and 1990 conceded

by respondent.  Resolution of this issue requires a detailed review of the pleadings and other papers filed by the parties.

In determining the above deficiencies in petitioners' tax, respondent disallowed the following deductions claimed on the subject returns:

|  | 1986 | 1987 | 1988 | 1989 | 1990 |
|---|---|---|---|---|---|
| Schedule C | | | | | |
| Travel and entertainment | $8,176 | $7,839 | $12,843 | $15,878 | $25,217 |
| Depreciation expense | 1,545 | -0- | -0- | -0- | -0- |
| Meals and entertainment | -0- | 2,328 | 3,961 | 7,490 | 4,422 |
| Bad debts | -0- | -0- | -0- | 5,500 | -0- |
| Advertising | 207 | 738 | -0- | -0- | -0- |
| Commissions | 2,171 | 3,246 | 4,899 | 5,537 | 7,101 |
| Insurance | 575 | 1,899 | 2,045 | 1,310 | 1,598 |
| Employee business expense | 29,943 | -0- | 19,896 | -0- | -0- |
| Itemized deductions | 2,500 | 2,530 | (1,278) | (734) | 2,580 |
| Miscellaneous deductions | -0- | 22,088 | -0- | -0- | 13,300 |
| Total adjustments | 45,117 | 40,668 | 42,366 | 34,981 | 54,218 |

Respondent disallowed the above deductions principally because petitioners had failed to substantiate their eligibility for the deductions.

The initial petition in this case was in the form of a typed letter to the Court, which states as follows:

TO WHOM IT MAY CONCERN:

In re my telephone conversation with your office today, please accept this letter as my petition for redetermination of the deficiency shown on the attached copy of notice.  Please send me the pertinent petition forms, as well as available information, to the address shown below:

\*     \*     \*     \*     \*     \*     \*

> Since I have been traveling pursuant to my
> occupation continuously from mid-June until this
> week, I have been unable to procure the necessary
> forms.
>
> Thank you for your kind assistance in this
> matter.

After the Court informed petitioners that the above petition did not comply with the Tax Court Rules of Practice and Procedure as to form and content, the Court received an amended petition, which states as follows:

> I disagree with all the changes in the Notice
> of Deficiency.  Due to the recurring scheduling
> difficulties with the local examiner, I was
> unable to properly establish the validity of
> the disputed deductions.  This was partly due
> to the examiner's unavailability and partly to
> my extensive travel schedule as a professional
> singer.  Thus the findings were arbitrary and
> incorrect.

By notice dated August 23, 1996, the Court set this case for trial on January 27, 1997.  A few weeks before trial, petitioners sent a letter to the Court in which they requested continuance of the case because of Mr. Hartman's travel schedule and the fact that Mr. Hartman was working with representatives of the Appeals Office "with the aim of reaching a settlement in this case."  The Court granted the continuance with no objection by respondent.

By notice dated May 7, 1997, the Court set the case for trial on October 14, 1997. When the case was called for trial on October 14, 1997, respondent and Mr. Hartman appeared before the Court and represented that they were going to meet with a revenue agent to review Mr. Hartman's records. Mr. Hartman represented to the Court that he had all of his "documentation". In response, the Court directed as follows: "All right. I'll recall the case on Thursday [October 16, 1997], and at that point, I expect everything to be taken care of. If not, we'll be ready to go to trial."

When the parties appeared before the Court on October 16, 1997, respondent's attorney advised the Court that the parties had made progress, but they had not finished reviewing petitioners' documentation. Respondent's attorney further represented that they needed 3 or 4 days to complete their review. On the basis of these representations, the Court continued the case and directed the parties to file a joint status report in 30 days with the expectation that the case would be resolved in that period. The Court made the following comment to Mr. Hartman:

THE COURT:     * * * [I]t's also your responsibility, Mr. Hartman, to have--have all that documentation readily avail-able, and I don't want long delays in terms of providing the Respondent with the necessary information because we've already delayed long enough.

MR. HARTMAN:   It's all sitting in my car, Your Honor, so we're going through it.

Subsequently, an attorney entered his appearance on behalf of Mr. Hartman. Inexplicably, the attorney did not enter his appearance on behalf of Mrs. Hartman. The parties filed status reports pursuant to the Court's order in which they stated that little progress had been made. Mr. Hartman's attorney filed petitioners' status report, in which he detailed Mr. Hartman's professional engagements that required cancellation of an appointment with respondent and would make Mr. Hartman unavailable for approximately 30 days.

Shortly thereafter, respondent filed a motion to dismiss for lack of prosecution. Respondent's motion sets forth the following summary of petitioners' failure to prosecute this case from the time of the first continuance:

4.   A subsequent Branerton letter [informal request for information] to petitioners sent certified mail was returned with the hand-written notation:  "out of country for the next three months--will be back August 5, 1997."

5.   In August, the aforementioned letter was resent, again certified mail, with three suggested dates to meet and go over documents and prepare a stipulation for trial.  The letter was not returned, but no one called or appeared on any of the three dates.

6.   On September 12, 1997, respondent mailed a proposed Joint Stipulation of Facts to petitioners by certified mail, including copies of all the tax returns and the statutory notice of deficiency.  This mailing was received.

7.   In a conference call with the Court on October 7, 1997, petitioner Vernon W. Hartman was ordered to meet with respondent and a Revenue Agent, with his documents, on Friday, October 10, 1997.

8.   Petitioner and respondent met for the first time on that date, but Mr. Hartman did not produce any documentation.  He stated that his diaries were being sent to Pennsylvania. Mrs. Hartman did not appear for this conference.

*     *     *     *     *     *     *

20.   * * * [R]espondent and the revenue agent have offered and been scheduled to meet with petitioner on nine separate occasions. Petitioner has cancelled every one of these dates, often with less than 24 hours' notice.

21.  Petitioners still have not provided any of the documentation for 1986, 1987, and 1988 needed to verify the expenses deducted.

*     *     *     *     *     *     *

24.  This Court has given petitioners more than adequate time to complete this process.

In response, Mr. Hartman's attorney stated as follows:

> 5)   Once the undersigned has an understanding as to what is included in Petitioner Vernon W. Hartman, Jr.'s, documents, he will then proceed to meet with Respondent's counsel whenever necessary to fully and timely prosecute Petitioner's case.
>
> *     *     *     *     *     *     *
>
> 8)   While Petitioner, Vernon W. Hartman, Jr., regrets not being able to spend as much time as he would wish on this matter, he has now retained the services of the undersigned who is familiar with the United States Tax Court Rules and will assist Petitioner in diligently prosecuting this case and/or attempting to settle same.
>
> *     *     *     *     *     *     *
>
> 10)  The undersigned believes that the time table represented in Petitioners' Status Report submitted to the Court will allow the parties to hopefully settle this case and/or prepare it for trial within 45 to 60 days from today's date.

Mrs. Hartman did not file a response.  On the basis of the representations of Mr. Hartman's attorney, the Court denied respondent's motion to dismiss for lack of prosecution.

By notice dated December 18, 1997, the Court set the case for trial on May 18, 1998.  On March 9, 1998, Mr. Hartman's attorney asked the Court for leave to withdraw.  The attorney's motion states as follows:

2.    Based upon Mr. Hartman's representations, I requested the Court to continue this matter and also filed a reply to the Government's Motion to Dismiss his case for failure to properly prosecute.

*    *    *    *    *    *    *

4.    Based upon Petitioner Vernon W. Hartman, Jr.'s, representations, I scheduled several meetings with Respondent's counsel, Joellyn R. Cattell, Esquire.

5.    On each occasion, I was forced to cancel such meetings because of my inability to get any information from Petitioner Vernon W. Hartman, Jr.

6.    I have made myself available at all times, both day and night, to meet with Petitioner Vernon W. Hartman, Jr., including offering to meet him at my home because of his "busy" schedule.

7.    Notwithstanding my flexibility and willingness to meet, I have been unable to have any meaningful meetings and/or discussions with Petitioner Vernon W. Hartman, Jr., to properly prosecute his case.

After granting the motion of Mr. Hartman's attorney to withdraw, the Court issued an order directing petitioners to file a status report setting forth:

(a)   Each and every issue presented in the case;

(b)   as to each such issue, what efforts peti-tioners have made to meet with respondent's counsel and to exchange documents and other information necessary to agree upon and submit the comprehensive stipulations for trial required by Rule 91, Tax Court Rules of Practice and Procedure; and

(c) whether petitioners intend to retain a new attorney.

The order further states as follows:

The Court calls petitioners' attention to the Standing Pre-Trial Order dated December 18, 1997, especially to the following policy of the Court:

Continuances will be granted only in exceptional circumstances. See Rule 134, Tax Court Rules of Practice and Procedure. Even joint motions for continuance will not be routinely granted.

In this connection petitioners should be warned that the Court will not normally grant a continuance in order to allow a party to retain a new attorney.

Contrary to the above order, Mr. Hartman filed a status report in which he failed to provide any of the information requested by the Court, and he requested a continuance "to allow time to retain new counsel". Mrs. Hartman did not file a status report.

The Court denied Mr. Hartman's request for a continuance. In the order denying the continuance request, dated April 1, 1998, the Court notes that Mr. Hartman's status report:

Fails to set forth "each and every issue presented in the case". Mr. Hartman's response also fails to detail "as to each such issue, what efforts petitioners have made to meet with

respondent's counsel and to exchange documents and other information necessary to agree upon and submit the comprehensive stipulations required by Rule 91, Tax Court Rules of Practice and Procedure".

The order further provides as follows:

ORDERED that on or before April 28, 1998, each petitioner shall file a separate statement setting forth each and every issue presented in this case for decision. Petitioners are warned that the Court may refuse to consider any issue that is not identified in their statements.

Neither petitioner responded to the Court's order of April 1, 1998, and both petitioners again failed to provide the Court with a statement of the issues for decision.

Subsequently, when this case was called for trial, a new attorney entered his appearance on behalf of both petitioners. Respondent also filed a second motion to dismiss for lack of prosecution. The motion states as follows:

31. Due to petitioner's lack of cooperation with his counsel, petitioner's counsel cancelled several scheduled meetings with respondent that he had promised to attend in his Status Report and Response to Respondent's Motion to Dismiss.

32. On or about March 5, 1998, petitioner's counsel sought to withdraw from this case due to petitioner's lack of cooperation with him.

33. By Order dated March 12, 1998, the Court directed petitioners to file a Status Report with the Court by March 27, 1998, stating each issue in the case and the steps they had taken to exchange information.

34. On March 30, 1998, petitioner filed a Status Report that was generally non-responsive to the Court's Order. Petitioner's report inferred [sic] he wanted a continuance.

35. By Order dated March 12, 1998 [sic], the Court directed petitioners to file a list of every issue in dispute by April 28, 1998, warning petitioner that the Court might refuse to consider any issues not raised therein. The Court denied the request for a continuance. The Court directed the parties to file a comprehensive stipulation of facts by April 28, 1998, warning that sanctions may result to an uncooperative party. Both parties were directed to identify proposed witnesses and a summary of their anticipated testimony by April 28, 1998.

36. Respondent sent petitioners a letter on April 7, 1998, asking that they call to schedule a meeting on or before April 20, 1998, so that there would be sufficient time to prepare the stipulation.

37. On April 20, 1998, Mr. Hartman called respondent and stated that he was unavailable until April 27, 1998. Respondent advised petitioner that this was not enough time to ensure that a stipulation of facts could be filed in accordance with the Court's Order.

38. On April 27, 1998, Mr. Hartman advised respondent that he could not meet until April 28, 1998. Mr. Hartman appeared on April 28, 1998, at 2:00 P.M. but was totally unprepared to discuss the stipulation and did not present any additional records.

39. Due to petitioners' lack of cooperation, the parties could not file a stipulation

> of facts as directed by the Court.  Petitioners
> never responded to the stipulation sent by
> respondent on September 12, 1997 and November 10,
> 1997.

Because both petitioners appeared for trial through their attorney, the Court denied respondent's motion to dismiss for lack of prosecution, and the case went to trial. Petitioners failed to submit a trial memorandum as directed by the Court's standing pretrial order issued in this case, and petitioners' attorney made no opening statement.

At trial, Mr. Hartman was the only witness called to testify.  Petitioners submitted a handwritten summary of Mr. Hartman's travel schedule during the years in issue, two contracts with the Metropolitan Opera Association, Inc. (Met), and a letter from the Met itemizing Mr. Hartman's "performance and coverage schedule for the 1987/88 season". Mr. Hartman's testimony and the other evidence presented by petitioners failed to substantiate any of the deductions disallowed in the notice of deficiency.

At the conclusion of the trial, the Court directed the parties to file simultaneous posttrial opening and reply briefs.  This was to allow the parties the opportunity to explain their positions regarding the documents and the testimony presented at trial.  Petitioners failed to file a posttrial brief.

The issue for decision is whether respondent properly determined the subject tax deficiencies, penalties, and additions to tax. Petitioners bear the burden of proof as to this issue. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

Although petitioners bear the burden of proof, they have failed or refused to provide the Court with a statement of the issues for decision in this case or their position regarding any such issues for decision. In fact, as mentioned above, on two occasions prior to trial, the Court ordered petitioners to submit a statement of "each and every issue presented in this case" for decision and, on both occasions, petitioners failed to respond. Petitioners also disregarded orders of the Court to file a trial memorandum and posttrial briefs.

The only basis for petitioners' disagreement with the adjustments in the notice of deficiency that is contained in the record of this case is the statement in the amended petition that Mr. Hartman had "scheduling difficulties with the local examiner" and was not able "to properly establish the validity of the disputed deductions." That statement is legally insufficient to overturn respondent's determination in the notice of deficiency.

In this case, we could hold petitioners in default, pursuant to Rule 123(a) and dismiss the case for their failure to respond to orders of the Court and for their failure to file briefs under Rule 151. See Stringer v. Commissioner, 84 T.C. 693 706-708 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986). We could also assume that, after trial, petitioners concluded that their petition was not meritorious and they abandoned their claims. See Calcutt v. Commissioner, 84 T.C. 716, 721-722 (1985). In that event, we would not dismiss the case by reason of petitioners' failure to comply with the Court's orders and Rules, but we would decide the case against petitioners by reason of their failure to satisfy their burden of proof. See id. On either theory the result is the same. We must sustain the adjustments determined in the notice of deficiency.

On the basis of the history of this case, including petitioners' failure or refusal to provide the Court with a statement of the issues for decision, we find that the proceedings have been instituted or maintained by petitioners primarily for delay and that petitioners' position in the proceeding is frivolous or groundless. Accordingly, we will require petitioners to pay to the

United States a penalty pursuant to section 6673(a) in the amount of $15,000.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.