T.C. Memo. 2012-167

UNITED STATES TAX COURT

GREGORY M. COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19871-10.                    Filed June 14, 2012.

Gregory M. Cook, pro se.

<u>Rebekah A. Myers</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies, additions to tax,

and penalties with respect to petitioner's Federal income taxes as follows:[1]

_____

[1]  Unless otherwise indicated, all sections references are to the Internal
Revenue Code.  All figures rounded to nearest dollar amount.

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|-------------------------------|---------------------------------------|
| 2005 | $71,173 | $17,115 | $14,235 |
| 2006 | 38,819 | 9,019 | 7,764 |
| 2007 | 46,307 | 10,891 | 9,261 |
| 2008 | 20,408 | --- | 4,082 |

After settlement of the deficiencies, the issues remaining for decision are: (1) whether petitioner is liable for additions to tax under section 6651(a)(1); and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Nevada at the time the petition was filed.

During the years in issue petitioner owned and operated residential rental real estate properties (rental real estate business). In addition to his rental real estate business, petitioner worked as a real estate agent for Remcor Real Estate (real estate agent business).

Petitioner filed his Federal income tax returns for 2005, 2006, 2007, and 2008 on October 23, 2008, November 5, 2008, February 27, 2009, and March 26, 2009,

respectively. Petitioner's tax returns were prepared by his certified public accountant (C.P.A.). For each year, petitioner submitted a Schedule C, Profit or Loss From Business, for his real estate agent business and a Schedule E, Supplemental Income and Loss, for his rental real estate business.

The Internal Revenue Service subsequently audited petitioner's returns for the years at issue and issued notices of deficiency for 2005, 2006, 2007, and 2008. Along with other adjustments not relevant, the IRS disallowed most of petitioner's claimed Schedule C and Schedule E expenses for lack of substantiation and disallowed his net operating loss carryforward that originated in a year not at issue.

At calendar call petitioner provided respondent with receipts for certain expenses. On the basis of those receipts, the parties reached a settlement which allowed petitioner to deduct percentages of some of his claimed expenses (e.g., 85.92% of contract labor expenses were allowed, 29.31% of insurance expenses were allowed). Some expenses were fully allowed, and others were fully disallowed. The parties also agreed to move some of the expenses disallowed on petitioner's Schedules C to his Schedules E.[2] For example, the parties agreed to

---

[2] The parties agree that several of the disallowed expenses in the notices of deficiency were related to petitioner's improperly claiming expenses related to his

(continued...)

move the commission expense petitioner claimed on his 2005 Schedule C to his Schedule E.[3]

After settlement of the deficiencies, the issues remaining for decision are whether petitioner has established a reasonable cause defense to the section 6651(a)(1) additions to tax and the section 6662(a) accuracy-related penalties.

2005-06 Litigation

In 2005 and 2006 petitioner was involved in litigation regarding one of his rental properties. The litigation was the result of an employee's fraudulently conveying a property at 7491 Limestone Drive (Limestone property) from petitioner to herself in 2004. In September 2006 the litigation was resolved. Petitioner was awarded the Limestone property as well as the rents the employee had collected with respect to the property.

2005 Commission Expense

One of the rental real estate business expenses that petitioner improperly claimed on his Schedule C was a commission paid on the sale of one of his rental

---

[2](...continued)
rental real estate business on his Schedule C as opposed to on his Schedule E. Schedule E is used to report supplemental income and loss, including income or loss from rental real estate, whereas Schedule C is used to report profit or loss from a sole proprietorship.

[3] For a discussion of the commission expense see infra.

properties in 2005.  In July 2005 petitioner bought and sold a property at 1890 Empire Road (Empire property).  When he sold the property on July 26, 2005, petitioner paid a commission of $102,420 to Remcor Real Estate (2005 commission expense).  The closing documents from the sale of the Empire property show $102,420 as commission expense paid.  Petitioner gave this closing document to his C.P.A.  Petitioner's C.P.A. then reported the $102,420 on line 10, Commissions and Fees, on petitioner's Schedule C for 2005.

OPINION

I.    Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  The addition equals 5% for each month that the return is late, not to exceed 25% in total.  The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1).  Sec. 7491(c).  The burden of showing reasonable cause under section 6651(a) remains on the taxpayer.  Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).  To show reasonable cause, petitioner must demonstrate that he exercised ordinary business care and prudence but nevertheless was unable to file his income tax returns by their due dates.  See United States v. Boyle, 469 U.S. 241, 246

(1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Boyle, 469 U.S. at 245.

Petitioner does not dispute that he failed to file his 2005, 2006, and 2007 Federal income tax returns on time.[4] Respondent has accordingly met his burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438.

Petitioner maintains that he had reasonable cause for his failure to timely file his 2005, 2006, and 2007 returns. First, petitioner argues that the Limestone property litigation prevented him from timely filing the returns. However, pending litigation does not excuse a taxpayer from filing his Federal income tax return on time. See Dunne v. Commissioner, T.C. Memo. 2008-63 ("It is well settled that taxpayers must file timely income tax returns on the basis of the best information available to them at the time, and they may file amended returns if necessary") (citing Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982); Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1344 (1971), aff'd without published opinion, 496 F.2d 876 (5th Cir. 1974), and Ruddel v. Commissioner, T.C. Memo. 1996-125).

---

[4] Petitioner timely filed his 2008 return.

Second, petitioner argues that he acted with reasonable cause because he believed he did not need to file tax returns when he had a net operating loss. Even if we were to find that petitioner honestly believed that he did not have to file the returns, his mistaken belief does not constitute reasonable cause. See Henningsen v. Commissioner, 26 T.C. 528, 536 (1956) ("Mere uninformed and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file."), aff'd, 243 F.2d 954 (4th Cir. 1957).

Petitioner has failed to show that his failure to file was due to reasonable cause and not willful neglect. Therefore, we sustain respondent's determination of additions to tax under section 6651(a)(1).

II. Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner's underpayments were attributable to (1) negligence or disregard of the rules or regulations under section 6662(b)(1); or (2) substantial understatement of income tax under section 6662(b)(2).

Generally, section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on the portion of an underpayment of income tax attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal

revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. Disregard of rules or regulations is careless if "the taxpayer does not exercise reasonable diligence to determine the correctness of a return position" and is reckless if "the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe." Sec. 1.6662-3(b)(2), Income Tax Regs.; see also Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes a failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 447.

Respondent met his burden of production with respect to negligence. He introduced evidence that petitioner failed to keep adequate books and records and failed to substantiate items properly.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that he acted in good faith. Sec. 6664(c)(1). Reasonable cause requires that the taxpayer have exercised ordinary business care and prudence as to the disputed item. See Boyle, 469 U.S. at 246; Estate of Young v. Commissioner, 110 T.C. 297, 317 (1998). Good-faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may meet this requirement. See Boyle, 469 U.S. at 251; sec. 1.6664-4(b), Income Tax Regs. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

For a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662 accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer

provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment.  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

    A.  Underpayments Not Associated With Misplacement of Commission Expense

Petitioner's underpayments are attributable to his failure to substantiate several expenses and the misplacement of several expenses on his Schedules C as opposed to his Schedules E.  With the exception of the misplacement of the 2005 commission expense discussed infra, petitioner has failed to show reasonable cause for these underpayments.  Petitioner failed to introduce any evidence of reliance on his C.P.A. with respect to the misplacement of noncommission expenses.  Petitioner did not testify as to what information he provided his C.P.A. with respect to the noncommission expenses or that his C.P.A. provided advice as to those expenses and that he relied on such advice.  Therefore, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty on the portions of the underpayments not associated with the misplacement of the commission expense.

B.  <u>Underpayment Associated With Misplacement of Commission Expense</u>

A portion of petitioner's underpayment of tax for 2005 relates to petitioner's deducting the $102,420 commission he paid to Remcor on his 2005 Schedule C and not his Schedule E.  Petitioner has established that he reasonably relied on his C.P.A. with respect to the misplacement of his 2005 commission expense.  At trial petitioner testified that he provided the closing document from the sale to his C.P.A. Petitioner's C.P.A. then reported the commission on petitioner's Schedule C. Petitioner testified that he did not realize it was an error to claim the deduction on his Schedule C.  On the record before us, we find that petitioner has carried his burden of proving there was reasonable cause for, and that he acted in good faith with respect to, the underpayment resulting from the misplacement of the commission paid to Remcor.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.