T.C. Memo. 2012-313

UNITED STATES TAX COURT

KENNETH W. BOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26511-10.                          Filed November 7, 2012.


        P is an attorney admitted to practice law in New York and
before the U.S. Tax Court.  Prior to trial P failed to follow various
orders of the Court.  After trial the parties were ordered to file opening
briefs.  P failed to file an opening brief.

        <u>Held</u>:  Pursuant to Rule 123, Tax Court Rules of Practice and
Procedure, the Court may enter a decision against a party who fails to
properly prosecute or is in default.  P failed to properly prosecute his
case and is in default.  Decision will be entered against P.


Kenneth W. Bond, pro se.

<u>Cindy Park</u>, for respondent.

[*2]          MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined deficiencies of $53,324 and $65,937

in petitioner's Federal income tax for the taxable years 2005 and 2006, respectively,

and accuracy-related penalties under section 6662(a)[1] of $10,665 and $13,187 for

the taxable years 2005 and 2006, respectively.  The underlying issues are:  (1)

whether petitioner is entitled to deductions respondent disallowed for the taxable

years 2005 and 2006 (years at issue); and (2) whether petitioner is liable for

accuracy-related penalties under section 6662(a) for the years at issue.  However,

we will first determine whether this case should be dismissed and decision entered

on the basis of petitioner's default and failure to properly prosecute.  See Rule 123.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in New York.

Petitioner is an attorney who is admitted to practice law in New York.  Petitioner is

also admitted to practice before the U.S. Tax Court.  During the years at issue

petitioner was a partner in the law firm of Squire Sanders (US) LLP and was

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code (Code) in effect for the years at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*3] president and sole shareholder of PSN Realty, Inc., and of Pastuna, Inc. During 2006 petitioner was also an adjunct law professor at Albany Law School.

Petitioner's 2005 and 2006 Federal income tax returns were timely filed. Respondent sent petitioner a notice of deficiency for the years at issue on September 23, 2010. The notice of deficiency made the following adjustments to petitioner's returns: (1) petitioner's deductions for self-employed health insurance expenses were disallowed; (2) all of petitioner's expenses claimed on Schedule C, Profit or Loss From Business, were disallowed; (3) the amount of gross receipts on Schedule C was decreased by $3,200 and the amount of wages was increased by $3,200 for the taxable year 2006; (4) petitioner's net operating losses and section 179 expenses claimed on Schedule E, Supplemental Income and Loss, were disallowed; (5) $2,990 and $10,190 of petitioner's claimed charitable contribution deductions were disallowed for the taxable years 2005 and 2006, respectively; and (6) petitioner's claimed unreimbursed employee business expense deductions were disallowed.[2]

By notice dated August 31, 2011, the Court set this case for trial on February 6, 2012, in Philadelphia, Pennsylvania. The Court ordered the parties to

---

[2]Computational adjustments were also made for exemptions and self-employment tax.

[*4] file pretrial memorandums no later than January 23, 2012. Respondent filed his pretrial memorandum on January 20, 2012. Petitioner did not file a pretrial memorandum.

On December 23, 2011, respondent filed a motion to compel responses to respondent's interrogatories and a motion to compel production of documents. By order dated December 28, 2011, we granted respondent's motions and directed petitioner to, on or before January 13, 2012: (1) serve on respondent answers to the interrogatories previously served on petitioner on November 21, 2011; and (2) produce to respondent those documents requested in respondent's request for production of documents served on petitioner on November 21, 2011. In the order we directed that if petitioner did not answer the interrogatories or produce the documents requested by respondent then petitioner must file with this Court a response to the Court's order on or before January 13, 2012, stating adequate reasons for his failure to comply. Petitioner ignored the Court's order in that he did not answer respondent's interrogatories, did not produce the documents requested by respondent, and did not file a response as directed by the Court's December 28, 2011, order. On January 20, 2012, respondent filed a motion to impose sanctions.

**[*5]** Petitioner had still not complied with the Court's December 28, 2011, order when his case was called for trial on February 6, 2012, and had not cooperated with respondent to prepare for trial in accordance with the Court's standing pretrial order. When his case was called on February 6, 2012, petitioner orally moved for a continuance, which was denied. The Court set the case for trial on February 8, 2012. Petitioner promised to submit a pretrial memorandum "in the next day or two" and to exchange documents with respondent's counsel.

When the case was recalled for trial at 3:05 p.m. on February 8, 2012, petitioner informed the Court that he still was "not ready for trial", he had not provided respondent with all of the documents that he intended to rely on for preparation of a stipulation of facts, and he had not cooperated or complied with respondent's requests for information. Petitioner still had not submitted the pretrial memorandum that he had promised to submit on February 6, 2012. Petitioner stated that he was not ready for trial because "I had obligations in my

**[\*6]** law practice and with clients".[3]  Petitioner admitted that he had not even reviewed his own exhibits.

Petitioner again orally moved for a continuance.  There followed this colloquy:

> THE COURT:  I mean, I think I'm perfectly justified in dismissing your case at this point.
>
> [PETITIONER]:  I think you probably are, Your Honor, except the prejudice to me would be huge and I would really have never had an opportunity.  We really have not had an opportunity to discuss--
>
> THE COURT:  Well, that's not true.  You had the opportunity. You just didn't take advantage of it.

Nevertheless, at the conclusion of the recall, the Court continued the case and rescheduled the trial for April 23, 2012, at Washington, D.C.  At the completion of the trial on April 23, 2012, the Court ordered the parties to file simultaneous opening briefs on July 9, 2012.  In stressing the importance of the briefs the Court

---

[3]There followed this colloquy:

> THE COURT:  You didn't make any allowance five months ago that the trial was going to be this week and rearrange appointments?
>
> [PETITIONER]:  Your Honor, I apologize.  I have no excuse for that.  I received correspondence.  I didn't give it the proper attention that it deserved.  I have no excuse, but I'm doing my very best right now.

**[\*7]** reminded the parties that "many pages of documents" were entered into evidence, thus, there was a "need for a lot of analysis" and that the parties must "draw the relationships between the issues we're talking about and the exhibits and testimony that's been given today."

Respondent filed an opening brief on July 9, 2012. Petitioner did not file an opening brief. In the light of petitioner's failure to file an opening brief, on August 17, 2012, we ordered that the record in this case be closed. On August 31, 2012, petitioner filed a "motion to reopen proceedings to permit respondent [sic] to file reply brief" (motion to reopen proceedings). Petitioner's motion to reopen proceedings was denied by the Court on September 4, 2012.

## OPINION

Rule 151(a) requires that briefs are filed after trial, except as otherwise directed by the presiding Judge. Rule 151(b) allows the presiding Judge to direct the parties to file either simultaneous briefs or seriatim briefs. Rule 151(c) provides that simultaneous briefs "shall be served by the Clerk after the corresponding brief of the other party has been filed". In other words, if the presiding Judge directs the parties to file simultaneous briefs under Rule 151(c) then the briefs are served on the parties after each party has filed their respective brief with the Court.

**[\*8]** There were 117 exhibits, totaling 1,820 pages, entered into evidence. The documents petitioner provided were not self-explanatory. Petitioner's testimony was general and did not clearly explain or link the exhibits to his claimed deductions. Petitioner's testimony was in large part a criticism of the Internal Revenue Service. Additionally, petitioner's testimony on cross-examination indicated that many of his claimed deductions appeared to be founded on frivolous legal reasoning. As a result, at the close of trial the Court directed the parties to file simultaneous opening briefs on July 9, 2012, explaining how the exhibits and testimony supported their positions. Respondent timely filed a detailed opening brief. Petitioner failed to file an opening brief. On August 17, 2012, after waiting 34 days from the date on which petitioner had been ordered to file a brief, we closed the record.

Petitioner claims that he did not file a brief because he did not receive respondent's brief. Petitioner's excuse makes no sense. Our order was that petitioner and respondent file simultaneous opening briefs on July 9, 2012. Rule 151(c) explicitly requires that simultaneous briefs shall be served "after the corresponding brief of the other party has been filed".[4] Petitioner's failure to file

---

[4]In his motion to reopen proceedings petitioner acknowledged that even if he had filed an opening brief, it would have been filed after the deadline of July 9, 2012.

**[*9]** an opening brief is particularly egregious in the light of his prior history of failure to adhere to the Court's Rules, the Court's specific orders, and the fact that petitioner is an attorney admitted to practice before the U.S. Tax Court. By not filing an opening brief with the Court, petitioner has failed to comply with Rule 151 and a direct order of the Court. See also Mock v. Commissioner, T.C. Memo. 1987-382, 1987 Tax Ct. Memo LEXIS 380, at *5 ("The provisions of Rule 151 are not permissive but mandatory.").

Rule 123(a) provides that if any party has failed to proceed as required by the Court, then such party may be held in default and a decision may be entered against such party. Rule 123(b) provides that if a party fails to comply with any order of the Court, the Court may decide against such party on any issue as to which the party has the burden of proof. Petitioner had the burden of proof on all issues.

"Petitioner had an obligation to assist the Court by organizing the material presented at trial, which was extensive, and giving the Court his views of the controlling legal authorities." Mock v. Commissioner, 1987 Tax Ct. Memo LEXIS 380, at *5-*6. A taxpayer's failure to file a brief "fully justifies the dismissal of all issues as to which * * * [petitioner has] the burden of proof." Stringer v. Commissioner, 84 T.C. 693, 708 (1985), aff'd without published

**[\*10]** opinion, 789 F.2d 917 (4th Cir. 1986).  The failure of a party "to comply with the dictates of Rule 151 and the specific directions of the Court, can be said to constitute a default under Rule 123(a)".  Id. at 706.  Petitioner failed to comply with the Court's orders to:  (1) file a pretrial memorandum; (2) prepare for and be ready for trial; (3) answer respondent's interrogatories and respond to respondent's request for production of documents; and (4) file a posttrial brief.  As a result of his continued failure to comply with the orders of this Court, and specifically his failure to file an opening brief, we hold that petitioner has failed to properly prosecute his case and is in default.

The proper remedy is to decide against petitioner, pursuant to Rule 123, on all issues on which he has the burden of proof.  See id. at 704-708; Hartman v. Commissioner, T.C. Memo. 1999-176, 1999 Tax Ct. Memo LEXIS 213, at \*17-\*18; Abeson v. Commissioner, T.C. Memo. 1990-190, 1990 Tax Ct. Memo LEXIS 210, at \*14-\*15, aff'd without published opinion sub nom. Rivera v. Commissioner, 959 F.2d 241 (9th Cir. 1992).  Petitioner had the burden of proof on all issues.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  However, petitioner has not argued that the

**[\*11]** burden of proof should shift to respondent, nor has he maintained all required records and cooperated with respondent's requests as required by section 7491(a)(2)(A) and (B). Accordingly, we sustain respondent's determination regarding the underlying tax deficiencies.[5]

Respondent determined that petitioner was liable for section 6662(a) accuracy-related penalties of $10,665 and $13,187 for the taxable years 2005 and 2006, respectively. Section 6662(a) imposes an accuracy-related penalty equal to 20% of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2).

Section 7491(c) provides that the Commissioner bears the "burden of production" with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his "burden of production", however, the "burden of proof" remains with the taxpayer,

---

[5]We note that petitioner did not adequately substantiate deductions that respondent disallowed and failed to articulate any legal authorities that would entitle him to the deductions that respondent disallowed. Furthermore, as demonstrated in the following pages, the evidence shows that many of petitioner's claimed deductions were obviously not permitted under the internal revenue laws.

**[\*12]** including the burden of proving that the penalty is inappropriate because of reasonable cause under section 6664.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent contends that the underpayments of tax are attributable to either negligence or substantial understatements of income tax.  Respondent's contentions necessarily reflect alternative grounds for imposing the section 6662 penalties because only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of any underpayment, even if the underpayment is attributable to more than one of the types of listed conduct.  See New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs.  Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or

**[\*13]** any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner claimed deductions for self-employed health insurance expenses for the years at issue. However, petitioner failed to substantiate that he had health insurance coverage and that he paid for any health insurance. Failure to properly substantiate deductions constitutes negligence under section 6662(b)(1). See <u>Cook v. Commissioner</u>, T.C. Memo. 2012-167, 2012 Tax Ct. Memo LEXIS 167, at \*8-\*9; sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner also deducted personal expenses as business expenses. For example, petitioner reported nonpassive losses of $62,350 and $94,875 on Schedules E for the taxable years 2005 and 2006, respectively. These amounts, which were actually paid before the years at issue, related to litigation with petitioner's ex-wife and include attorney's fees, past due income support, and other payments to petitioner's ex-wife. Petitioner claimed that these amounts were "ordinary and necessary" business expenses under section 162. Petitioner's attempt to deduct personal expenses in contravention of the plain language of

[*14] section 262[6] constitutes negligence.  See <u>WSB Liquidating Corp. v.</u>

<u>Commissioner</u>, T.C. Memo. 2001-9, 2001 Tax Ct. Memo LEXIS 9, at *23.

Petitioner claimed charitable contribution deductions on Schedules C for

amounts paid to political campaigns, despite section 162(e)(1)(B) explicitly

disallowing such deductions.  Petitioner's claiming of deductions that are explicitly

disallowed by the Code constitutes negligence.

We find that respondent has met his burden of production with respect to

negligence.  Respondent introduced evidence that petitioner failed to properly

substantiate deductions, deducted personal expenses, and failed to comply with the

plain language of the Code.

There is a substantial understatement of income tax for any taxable year if the

amount of the understatement for the taxable year exceeds the greater of 10% of the

tax required to be shown on the return for the taxable year or $5,000.  Sec.

6662(d)(1)(A).  The understatements of income tax on petitioner's 2005 and 2006

Federal income tax returns are substantial.  Respondent has met his burden of

production with respect to petitioner's substantial understatements of income tax.

The burden of proof remains with petitioner, and he has not met it.  On the basis of

---

[6]Sec. 262(a) provides that "no deduction shall be allowed for personal, living, or family expenses."

**[\*15]** our holding that petitioner has failed to properly prosecute and is in default, we sustain respondent's determination regarding the accuracy-related penalties under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.